E-FILED
Thursday, 12 March, 2026  09:54:55 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **MEGAN JONES,** | ) | |
| | ) | **Case No.  2:26-cv-2077** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VENMO, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the plaintiff, MEGAN JONES, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, VENMO, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    MEGAN JONES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Urbana, County of Champaign, State of Illinois.

5.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's VENMO Account")

7. At all relevant times, Plaintiff's VENMO Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's VENMO Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. VENMO, LLC, (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant's principal place of business is located in the State of California.

10. At all relevant times, Defendant was a financial institution that held Plaintiff's VENMO Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, an unknown third party initiated unauthorized electronic instructions causing funds to be transferred from Plaintiff's VENMO Account to an unidentified recipient through an electronic terminal, telephonic instruction or computer or magnetic tape.

## IV.   ALLEGATIONS

14. On June 27, 2025, in the early morning hours, at approximately 1:04 a.m., Plaintiff received electronic correspondence indicating that $500.00 had been debited from her checking account at University of Illinois Credit Union and transferred into Plaintiff's VENMO Account.

15. Prior to this transfer, Plaintiff's VENMO Account reflected a balance of $176.74.

16. On June 27, 2025, in the early morning hours, at approximately 1:06 a.m., an electronic correspondence was sent from Current, a mobile-based financial services company, to Plaintiff, containing a code to confirm a newly created Current account associated with Plaintiff's email address.

17. On June 27, 2025, in the early morning hours, at approximately 1:07 a.m., Current sent a subsequent email to Plaintiff notifying a virtual card had been activated.

18. On June 27, 2025, in the early morning hours, at approximately 1:08 a.m., an electronic correspondence was sent from Defendant to Plaintiff notifying her that $676.64 had been debited from Plaintiff's VENMO Account and transferred to an unknown account described as "CROSS RIVER BANK Debit *****6360."

19. On June 27, 2025, in the early morning hours, at approximately 4:49 a.m., Current sent further correspondence to Plaintiff notifying her that a login from a new device had been detected.

20. On June 27, 2025, in the early morning hours, at approximately 8:06 a.m., Defendant sent Plaintiff an electronic message notifying her that, due to suspicious activity, Plaintiff's VENMO Account had been suspended.

21. All of the foregoing transfers and account activity occurred rapidly and overnight while Plaintiff was asleep.

22. Plaintiff was asleep when each of the above communications were sent.

23. Prior to June 27, 2025, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's VENMO Account on June 27, 2025, by an unknown recipient.

24.    Plaintiff did not provide an unknown recipient with consent to debit funds from Plaintiff's VENMO Account on June 27, 2025.

25.    Plaintiff did not provide Defendant with consent for an unknown recipient to debit funds from Plaintiff's VENMO Account on June 27, 2025.

26.    Prior to June 27, 2025, Plaintiff was not aware that $676.64 was to be debited from Plaintiff's VENMO Account by an unknown recipient, as delineated above.

27.    On June 27, 2025, Plaintiff provided Defendant with notice that she disputed the debit of funds by an unknown recipient relative to Plaintiff's VENMO Account on June 27, 2025.

28.    On June 27, 2025, Plaintiff provided Defendant with information to allow Defendant to identify Plaintiff's VENMO Account, such as:

   a.    Plaintiff's VENMO Account number;

   b.    Plaintiff's personal identifying information;

   c.    The name under which Plaintiff's VENMO Account was registered;

   d.    The date of the transaction which Plaintiff disputed relative to Plaintiff's VENMO Account;

   e.    The amount of the transaction which Plaintiff disputed relative to Plaintiff's VENMO Account.

29.    On June 27, 2025, Plaintiff provided Defendant with notice that the debit of funds by an unknown recipient relative to Plaintiff's VENMO Account on June 27, 2025, was an unauthorized electronic transfer of funds from Plaintiff's VENMO Account to an unknown recipient.

30.    On June 27, 2025, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by an unknown recipient on June 27, 2025, was carried out in error, such as:

a. Plaintiff never authorized the debit of funds from Plaintiff's VENMO Account;

b. Plaintiff never provided an unknown recipient with permission, consent or authority to debit funds from Plaintiff's VENMO Account;

c. Plaintiff was asleep when action started to be taken on her account by an unknown third party who had apparently hacked into and gained access to Plaintiff's VENMO Account;

d. The aforementioned transactions are wholly inconsistent with Plaintiff's previous account activity.

31. On June 28, 2025, Defendant denied Plaintiff's dispute, asserting that the challenged transactions were "consistent with her transaction history." In reality, Plaintiff had never previously debited such a large sum from Plaintiff's VENMO Account, nor had she ever transferred funds to the newly added payee identified as the "CROSS RIVER BANK Debit *****6360."

32. In Defendant's response to Plaintiff's dispute over the unauthorized transfers from her account, Defendant advised Plaintiff that she may request reproduction of all of the documents which the Defendant utilized in concluding that an error did not occur.

33. On June 28, 2025, Plaintiff did request production of all of the documents which the Defendant utilized in concluding that an error did not occur.

34. To date, Defendant has not provided any documentation or information which the Defendant utilized in coming to its conclusion that an error did not occur leaving Plaintiff without the knowledge and information and the ability to get the information that explained why the transactions Plaintiff claimed were not authorized, were ostensibly authorized, in violation of 15 U.S.C. §1693f(d).

35. Defendant's investigation was not made in good faith, and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

36.     Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

37.     Defendant violated the Electronic Funds Transfers Act by holding Plaintiff liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

38.     Presently, Plaintiff remains without the $676.74 debited by an unknown recipient from Plaintiff's VENMO Account.

39.     Plaintiff is neither legally responsible nor obligated to pay the $676.64 debited by an unknown recipient from Plaintiff's VENMO Account.

40.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MEGAN JONES, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.     Treble damages allowable under 15 U.S.C. §1693f(e);

    d.     Plaintiff's attorneys' fees and costs; and,

    e.     Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

41.    Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MEGAN JONES**

By:    s/ David M. Marco
Attorney for Plaintiff

Dated: March 12, 2026

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
400 Lake Cook Rd, Suite 203
Deerfield, IL 60015
**Telephone:**    (312) 546-6539
**Facsimile**:    (888) 418-1277
**E-Mail**:    dmarco@smithmarco.com